UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| *In re* MOTIONS TO DISMISS | ) ) ) ) Case No. 7: 16-53-ART ) Case No. 7:16-64-ART ) Case No. 16-89-ART ) Case No. 16-95-ART ) Case No. 16-106-ART ) Case No. 16-115-ART ) Case No. 16-154-ART ) ) ) ) |

### DECLARATION OF KELLY SALZMANN

I, Kelly Salzmann, do solemnly swear that:

1. I am currently a division chief administrative appeals judge (AAJ) in the Office of Appellate Operations (OAO) Executive Director's Office, Office of Disability Adjudication and Review (ODAR), for the Social Security Administration (SSA). I have served in this position since January 2012 and in other positions in ODAR since 2006. I make this declaration based upon my own personal knowledge and information provided to me in my official capacity.

2. On or about May 12, 2015, the agency received a referral (attached as Attachment 1) from SSA's Office of Inspector General (OIG) pursuant to section 1129(1) of the Social Security Act, 42 U.S.C. § 1320a-8(1), regarding the cases of 1,787 individuals. These individuals were formerly represented by Eric C. Conn, or his law firm, and the referral stated that the OIG had reason to believe that fraud was involved in their applications for disability benefits. The referral stated that in each of these cases the OIG had reason to believe that Mr.

# EXHIBIT A

Conn or his firm submitted pre-completed "template" residual functional capacity (RFC) forms purportedly from Bradley Adkins, Ph.D., Srinivas Ammisetty, M.D., Frederic Huffnagle, M.D., or David P. Herr, D.O., dated between January 2007 and May 2011, in support of each individual's application for benefits. The OIG informed the SSA that it could proceed with taking adverse action as a result of its redetermination of the cases under secs. 205(u) and 1631(c)(7) of the Act, 42 U.S.C. §§ 405(u), 1383(e)(7).

3. SSA's Appeals Council, ODAR, internally reviewed the 1,787 individuals' entitlement to benefits. An AC attorney advisor reviewed each individual's application and supporting evidence, disregarding the evidence submitted by the medical sources identified by the OIG. In Plaintiffs' cases, the following evidence was disregarded:

| Plaintiff and Case No. | Medical Source and Date |
| --- | --- |
| Linda Blackburn, Case No. 7:16-cv-00053 | Fredric Huffnagle, dated April 14, 2009 |
| Cherrie Justice, Case No. 7:16-cv-00089 | Fredric Huffnagle, dated April 14, 2009 |
| Roy Hale, Case No. 7:16-cv-00115 | Fredric Huffnagle, dated January 5, 2007 |
| Leah Jenkins, Case No. 7:16-cv-00095 | Bradley Adkins, dated September 11, 2008 |
| Amy Jo Hicks, Case No. 7:16-cv-00154 | Bradley Adkins, dated June 19, 2008 |
| Willie Ousley o.b.o. Patricia Ousley, Case No. 7:16-cv-00064 | David Herr, dated July 29 and 30, 2010 |
| Sheila Adams, Case No. 7:16-cv-00106 | Fredric Huffnagle, dated November 3 and 4, 2009 |

4. Approximately one week after receipt of the OIG referral in May 2015, the Appeals Council (AC) notified only the individuals where there was insufficient remaining evidence to support their original favorable determinations. The AC informed the affected individuals that the AC planned to remand their cases to an Administrative Law Judge (ALJ) for

further proceedings and a new decision. Individuals had ten days to provide evidence that would allow the AC to make a decision without having to remand the case to an ALJ. If the beneficiary requested, the AC provided a 30-day extension of time, with additional extensions available upon a showing of good cause. The AC found that there was sufficient evidence to support the ALJ's original favorable decision in approximately 14% of the cases, and a notice was not sent to these individuals.

5. The AC has remanded approximately 1,500 cases for a hearing by an ALJ and a new decision. Hearings have been held in approximately 94% of these cases, with ALJ decisions issued in approximately 88% of cases. Of those ALJ decisions, approximately 47% found that the evidence of record supported the ALJ's original favorable decision.

6. A redetermination includes: (1) an opportunity for a hearing before a neutral decisionmaker; (2) an opportunity to testify and submit any evidence that is new, material, and related to the period at issue (other than OIG identified evidence from the four identified providers, which is statutorily precluded); and (3) if the beneficiary requests, assistance with developing records that are new, material, and related to the period at issue. Additionally, the ALJ may obtain medical or vocational expert testimony as necessary.

7. Individuals may file a new application for benefits while their redeterminations are pending. If an individual's benefits are terminated, and an overpayment is assessed, the provisions of Subpart F – Overpayments, Underpayments, Waiver of Adjustment or Recovery of Overpayments, and Liability of a Certifying Officer will apply. 20 CFR Ch III Subpart F. The individual may request that the agency waive that overpayment, and the agency will consider such a request under our rules.

8. Between 2007 and 2011, Eric C. Conn represented over 5,000 individuals in cases before SSA ODAR. The 1,787 individuals referred by SSA OIG pursuant to sec. 1129(l) of the Act represent a subset of Mr. Conn's overall cases.

9. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of September, 2016.

_____
Kelly Salzmann
Division Chief Administrative Appeals Judge



# Office of the Inspector General
## SOCIAL SECURITY ADMINISTRATION

**MEMORANDUM**

**Date:** May 12, 2015

**To:** David F. Black
General Counsel
Social Security Administration

**From:** Helen L. Cooper
Acting Counsel to the Inspector General
Social Security Administration

**Subject:** Referral Pursuant to Section 1129(l) of the Social Security Act

Pursuant to section 1129(l) of the Social Security Act, 42 U.S.C. § 1320a-8(l), the Social Security Administration (SSA) Office of the Inspector General (OIG) previously provided you with information regarding 1,787 individuals. These individuals were formerly represented by attorney Eric C. Conn, or his firm, and OIG had reason to believe that fraud was involved in their applications for Social Security benefits. Specifically, in these cases, OIG had, and still has, reason to believe that Mr. Conn or his firm submitted pre-completed "template" Residual Functional Capacity forms purportedly from Bradley Adkins, Ph.D., Srinivas Ammisetty, M.D., Frederic Huffnagle, M.D., or David P. Herr, D.O., dated between January 2007 and May 2011, in support of the individuals' applications for benefits.

SSA OIG understood that SSA would use this information to carry out its responsibilities to redetermine cases involving fraud or similar fault under sections 205(u) and 1631(e)(7)(A)(i) of the Act, 42 U.S.C. §§ 405(u) and 1383(e)(7)(A)(i). The previous referral was with the understanding that SSA was not to take any adverse action against any individual on the list until further notice.

This Memorandum is to advise you that we are not aware of any objections to SSA moving forward with its administrative processing of the redeterminations of the 1,787 individuals whose names were previously provided by OIG to SSA on July 2, 2014. As such, this notice is to inform SSA that it may proceed with its redetermination of the cases of the individuals on the previously transmitted list.

If you have any questions or need additional information, please contact me at extension 6-2323.

# EXHIBIT A - ATTACHMENT 1